UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JASON WEINBERGER,                                                       :
                                                                        :
                                    Plaintiff,                          :    17-CV-9998 (JMF)
                                                                        :
            -v-                                                         :    MEMORANDUM OPINION
                                                                        :    AND ORDER
THE CITY OF NEW YORK, et al.,                                           :
                                                                        :
                                    Defendants.                         :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Jason Weinberger brings suit against the City of New York and various officials from the New York City Fire Department ("FDNY"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; Title 42, United States Code, Section 1983; as well as state and local laws. (Docket No. 1 ("Compl."), ¶ 1). In brief, Weinberger alleges that Defendants discriminated against him when they rejected his application to become a firefighter for medical reasons. (*See id.* ¶¶ 258-93). Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for partial dismissal of the Complaint. (Docket No. 45). In particular, they seek to dismiss Weinberger's ADA claims on the ground that they are untimely and his Section 1983 claims for failure to state a claim. (Docket No. 48 ("Defs.' Mem."), at 4-7). They also seek a ruling that Weinberger is collaterally estopped from relitigating "any factual issues" that were

decided against him in proceedings before the New York City Civil Service Commission ("CSC") and in an Article 78 proceeding in New York State court. (*See id.* at 7-11).[1]

Defendants' arguments may ultimately carry the day, but — with one exception — they are not well taken at this stage of the proceedings. First, while Weinberger failed to file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of his final notice of disqualification, he alleges facts that, if true, could support a claim of equitable tolling. (*See* Compl. ¶¶ 63-68, 73, 79, 87, 94-98, 157; *see also* Pl.'s Mem. 7-8). To be sure, he ultimately faces an uphill battle on that front, as equitable tolling applies only in "rare and exceptional circumstances, where . . . extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the [tolling] period." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted). But the issue ultimately turns on facts and inferences that are in dispute and thus cannot be resolved on a motion to dismiss. Second, while the CSC and Article 78 proceedings may ultimately bar Weinberger from relitigating certain facts, *see, e.g.*, *Dolan v. Roth*, 170 F. App'x 743, 746 (2d Cir. 2006), the Court cannot determine on the current record — let alone with the requisite "clarity and certainty" — what facts were determined in those proceedings. *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 49 (2d Cir. 2003) (internal quotation marks omitted); *see also, e.g.*, *United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 151 (S.D.N.Y. 2015) (noting that the determination of whether preclusion applies involves a "multifaceted inquiry"

---

[1] In addition, Defendants move in one paragraph to dismiss Weinberger's ADA and Rehabilitation Act claims to the extent they are brought against the individual Defendants in their individual, rather than official, capacities. (*See* Defs.' Mem. 5). In his opposition, however, Weinberger concedes (or at least clarifies) that the individual Defendants "are not . . . named in their 'individual capacities.'" (Docket No. 49 ("Pl.'s Mem."), at 10; *see also* Compl. ¶¶ 12-18). Accordingly, that portion of Defendants' motion is denied as moot.

2

that requires consideration of "the various elements which make up the realities of litigation" (internal quotation marks omitted)).

By contrast, Defendants' motion to dismiss Weinberger's Section 1983 claim of selective enforcement is well taken. (*See* Pl.'s Mem. 11 (clarifying that Weinberger brings a selective-enforcement claim and does not contend that disability and/or perceived disability are suspect or quasi-suspect classifications under the Equal Protection Clause); *see also* Compl. ¶¶ 291-92). "To state a class-of-one equal protection claim the plaintiff must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 35-36 (2d Cir. 2014) (internal quotation marks and brackets omitted). To make such a showing, the plaintiff must demonstrate that, "compared with others similarly situated, [he] was selectively treated" and that such "treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995) (quoting *FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992)). Here, however, the Complaint levies only a conclusory and formulaic accusation that "Defendants . . . treated [Plaintiff] differently from others similarly situated based on impermissible considerations such as intent to inhibit or punish the exercise of his constitutional rights, or malicious or bad faith intent to injure him." (Compl. ¶ 292). Because such "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," are plainly insufficient to state a claim, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Weinberger's Section 1983 claim must be and is dismissed.

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part.  Unless and until the Court orders otherwise, Defendants shall file an answer with respect to Weinberger's remaining claims **within three weeks of this Memorandum Opinion and Order**.  Additionally, the parties shall appear for an initial pretrial conference with the Court on **September 20, 2018**, at **2:30 p.m.**, in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York.  In accordance with the Notice of Initial Pretrial Conference (Docket No. 27), the parties shall file a joint letter and proposed Case Management Plan no later than the Thursday before the conference.

The Clerk of Court is directed to terminate Docket No. 45.

SO ORDERED.

Date: August 21, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge